UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH CRUICKSHANK, an individual,

    Plaintiff,

v.                          Case No: 2:18-cv-711-FtM-99CM

TELLUS GLOBAL, LLC, a Florida limited liability corporation, TELLUS BUILDING SYSTEMS, LLC, a Florida limited liability corporation, PAUL INGLESE, an individual, TAELOR PURVIS, an individual, and TRUFORM BUILDING SYSTEMS, LLC, a Florida limited liability corporation,

    Defendants.

---

## **OPINION AND ORDER**

This matter comes before the Court on Defendant *pro se* Taelor Purvis' Letter Reply to Civil Action Summons (Doc. #19) filed on November 30, 2018, requesting that he be removed from this lawsuit, which the Court construes as a Motion to Dismiss. Plaintiff filed a Response in Opposition (Doc. #24) on December 11, 2018. For the reasons set forth below, the Motion is denied.

**I.**

Plaintiff brings this case pursuant to the Fair Labor Standards Act (FLSA) to recover unpaid wages, as well as for retaliation. (Doc. #1.) The Complaint alleges in relevant part

that defendant Taelor Purvis is a managing member of defendants Tellus Global, LLC and Tellus Building System, LLC, and exercised complete control over those entities' operations. (Id., ¶ 7.) It further alleges that Purvis supervised and controlled employee work schedules and conditions of employment, maintained employment records, and had control over significant aspects of the corporations' day-to-day operations, including the compensation of employees. (Id.) Thus, plaintiff alleges that Purvis is a covered employer under the FLSA. (Id.)

Purvis' unsigned letter was filed in response to the Complaint and states that he has no ownership interest, nor is he a managing member of Tellus Global or Tellus Building Systems. (Doc. #19.) He also states that he was employed by defendants until May 21, 2018, and he is also owed unpaid wages. (Id.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See

also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An officer or owner who is either

"involved in the day-to-day operation [of a corporate entity] or [has] some direct responsibility for the supervision of the employee" can be held jointly and severally liable as an employer under the statute. Alvarez Perez v. Sanford–Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). "[W]hile control need not be continuous, it must be both substantial and related to the company's FLSA obligations." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1314 (11th Cir. 2013).

Here, plaintiff has stated a plausible claim under the FLSA against Purvis as he alleges that Purvis is a managing member of defendants Tellus Global, LLC and Tellus Building System, LLC who regularly exercised authority to hire, fire, and discipline employees, and supervised and controlled plaintiff's work schedule and conditions of employment, determining his pay, which the Court accepts as true and takes in a light most favorable to plaintiff in deciding a Rule 12(b)(6) motion to dismiss. (Doc. #1, ¶ 6.); Erickson, 551 U.S. at 94. Therefore, Purvis' motion to dismiss is denied.

Purvis shall file an Answer to the Complaint which may include any denials and defenses to plaintiff's claims. **Failure to file an Answer could result in a default judgment being entered against Purvis**.

Accordingly, it is hereby

**ORDERED:**

Defendant *pro se* Taelor Purvis' Letter Reply to Civil Action Summons, construed as a Motion to Dismiss (Doc. #19) is **DENIED.** Defendant Purvis' Answer to the Complaint is due within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Taelor Purvis
Counsel of Record