UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH CRUICKSHANK, an individual,

    Plaintiff,

v.                                                   Case No: 2:18-cv-711-FtM-99UAM

TELLUS GLOBAL, LLC, a Florida limited liability corporation, TELLUS BUILDING SYSTEMS, LLC, a Florida limited liability corporation, PAUL INGLESE, an individual, and TAELOR PURVIS, an individual,

    Defendants.

_____

**ORDER**

This matter comes before the Court on Plaintiff's Amended Motion for Final Default Judgment Against Defendants Tellus Global LLC, Tellus Building Systems LLC, Paul Inglese, and Taelor Purvis (Doc. #44) filed on April 2, 2019. No response has been filed and the time to do so has expired. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.**

On October 25, 2018, plaintiff Kenneth Cruickshank filed a three-count Complaint (Doc. #1) against his former employers (collectively "defendants"). Plaintiff alleges that Paul Inglese was the CEO of Tellus with direct authority to hire, fire, assign

work, withhold work, and affect the terms and conditions of his employment.  (Id., ¶¶ 6, 8.)  And that Taelor Purvis[1] has been the managing member of Tellus Global and Tellus Building Systems and exercised complete control over those entities' operations including supervision and control of employee work schedules, conditions of employment, and employee compensation.  (Id., ¶ 7.) Plaintiff's Complaint seeks damages for defendants' willful failure to pay minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 207 (FLSA), for unpaid wages under Florida common law, as well as a claim for retaliation.

Because defendants failed to respond to plaintiff's Complaint, a Clerks Entries of Default (Docs. ##26, 42) were entered on December 14, 2018 and February 22, 2019.  Plaintiff now moves for the entry of judgment against defendants as to all counts.

When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact.  If liability is well pled, it is established by virtue of a default judgment.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987).  The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court.  Rather the Court must find that there is

---

[1] Defendant Taelor Purvis, acting *pro se*, filed two failed attempts to have himself dismissed from this case. (Docs. ##27, 39.)  Thereafter, Purvis failed to answer, and a Clerk's Default was entered against him (Doc. #42).

sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted). A complaint must state a claim in order for default judgment to be granted. Id.

**II.**

**A. FLSA Unpaid Minimum Wages (Count I)**

According to the Complaint, upon information and belief at all relevant times, defendants Tellus Global LLC and Tellus Building Systems LLC were enterprises engaged in interstate commerce, or the production of goods for interstate commerce, with an annual gross revenue in excess of $500,000. (Doc. #1, ¶¶ 3-4.) In the Complaint and plaintiff's Declaration filed in support of default (Doc. #44-1), plaintiff pled and averred that he was hired in or about October 2015 as a "plant manager" and worked for defendants until his employment ended in May 2018. (Id., ¶¶ 8-9.) Plaintiff engaged in interstate commerce by unloading and installing goods that moved in interstate commerce. (Doc. #1, ¶ 2; Doc. #44-1, ¶ 3.) Plaintiff was also the primary contact between defendants and suppliers of goods. (Doc. #44-1, ¶ 3.)

Plaintiff alleges that he was a covered, non-exempt employee under the FLSA at all times during his employment. (Doc. #1, ¶ 19.) Despite paying plaintiff on a salary basis from the start of his employment until December 2017, from January 2018 to the

end of his employment in May 2018, plaintiff was to be paid $25.00 per hour. (Id., ¶ 12.)  Defendants failed to pay plaintiff any wages for approximately 5-6 months, beginning in late 2017. (Id., ¶ 14.)

FLSA requires employers to pay their employees at least the federal or state minimum wage, whichever is greater, for every hour worked.  See 29 U.S.C. §§ 206, 218(a).  While plaintiff has not produced any time sheets or time cards, "the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1373 (11th Cir. 1999) (citations omitted).  The Court finds that plaintiff has adequately pled the failure to pay minimum wage compensation under the FLSA against defendants, which allegations are deemed admitted.

With regard to damages, plaintiff sets forth his reasonable recollection of hours worked in his Declaration, attaching a post-suit demand letter he sent defendants, further accounting his unpaid wages claim.  (Doc. #44-1, ¶¶ 9-11.)  Plaintiff states that he is owed unpaid minimum wage compensation in the amount of $6,235.00 for approximately 5-6 months of work, beginning on a date unspecified in late 2017, plus an equal amount for authorized liquidated damages.  (Id., ¶ 10.)  Plaintiff arrives at this

figure using the federal minimum wage rate of $7.25/hour. Plaintiff was employed on a full-time basis, and thus the minimum wages he is owed are calculated as follows: $7.25 x 40 hours/week x 4.3 weeks/month x 5 months = $6,235.00. Finding no records to the contrary, the Court will grant the Motion as to the requested minimum wage compensation ($6,235.00) and an equal amount for liquidated damages[2] ($6,235.00) for a total of ($12,470.00) as to Count I.

### B. Unpaid Florida Common Law Wages (Count II)

In addition to the sums owed to plaintiff on his FLSA claim, he alleges that he is also due at least[3] $18,445.77 in damages on his unpaid wages claim. Plaintiff alleges that he was receiving a salary of not less than $52,000 per year until December 2017 and thereafter was to be paid at a rate of $25.00 per hour from January 2018 until his employment ended in May 2018, but that he was paid no wages at all during this time. In his Declaration and pre-suit demand letter (Doc. #44-1), plaintiff states that his unpaid

---

[2] Under the FLSA, liquidated damages are mandatory unless the employer can show that it acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA minimum wage requirement. See Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987).

[3] Although plaintiff believes the evidence he would have obtained in discovery would ultimately show entitlement to greater sums, for the purposes of this Motion he seeks only the amounts deemed admitted by defendants by virtue of their default. (Doc. #44, n.2.)

earnings total $17,430.57 and his unpaid mileage reimbursement totals $1,015.20, for a grand total of $18,445.77. However, plaintiff offers no legal support for the proposition that unpaid mileage may be included as part of unpaid wages in Florida and the Court found at least one Florida decision which found that it may not. <u>Consolidated Freightways v. Moore</u>, 561 So. 2d 1346, 1347 (Fla. 1st DCA 1990). The Court will not include the mileage figure and will award $17,430.57 on Count II.

**C. FLSA Retaliation (Count III)**

Plaintiff has not sought judgment as to his remaining claim (Count III) and the time to do so has expired, subjecting the claim to dismissal without prejudice for failure to prosecute. <u>See</u> M.D. Fla. R. 1.07(b).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Amended Motion for Final Default Judgment Against Defendants Tellus Global LLC, Tellus Building Systems LLC, Paul Inglese, and Taelor Purvis (Doc. #44) is **GRANTED in part and DENIED in part**. The Motion is granted in all respects except for unpaid mileage.

2. The Clerk shall enter default judgment in favor of plaintiff and against defendants Tellus Global LLC, Tellus Building Systems LLC, Paul Inglese, and Taelor Purvis as to Count I for unpaid minimum wages in the amount of $6,235.00, plus

$6,235.00 in liquidated damages, for a total of $12,470.00; and as to Count II in favor of plaintiff and against defendants Tellus Global LLC, Tellus Building Systems LLC, and Paul Inglese for unpaid wages in the amount of $17,430.57.

    3.    Count III is dismissed without prejudice for failure to prosecute and judgment will be entered accordingly.

    4.    The Clerk is further directed to terminate all pending matters and to close the file.

    5.    Any motion for attorney's fees and/or costs shall be filed within **FOURTEEN (14) DAYS** of the entry of final judgment.

    6.    Plaintiff's Motion for Final Default Judgment Against Defendants Tellus Global LLC, Tellus Building Systems LLC, and Paul Inglese (Doc. #35) is **DENIED AS MOOT**.

    **DONE and ORDERED** at Fort Myers, Florida, this __22nd__ day of April, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Taelor Purvis